## Adams v. Boulware.

1. ATTACHMENT: Under the attachment law enacted in 1857, a *bona fide* purchaser of lands for value will take the same, free of the lien of an attachment, which has been levied thereon, unless an abstract of such attachment be entered in the Register's office of the county.

On the 17th day of June, 1859, Charles F. Holly sold and conveyed to Adams certain lands in Nebraska city, and the deed was duly recorded on the 30th of June of the same year.

On the 5th of May, 1858, Boulware sued Holly in attachment in the District Court for Otoe county, and caused the writ of attachment to be levied on the same lands.

At the June term, 1860, Boulware had judgment in his action against Holly, and on the 11th of August following, sued out execution thereon, which was, by the sheriff, in pursuance of the attachment and judgment, levied on the same lands. The sale under this execution was advertised and about to take place, when Adams filed his bill in chancery to restrain the sale. The ground of equity alleged by him was that when he purchased the premises,he caused the records in the office of the register of deeds to be searched, and that thereby it appeared that the title thereto stood unincumbered in Holly, and especially that no abstract of the attachment above mentioned was ever entered in that office, and that he was a *bona fide* purchaser without notice of the attachment.

Boulware demurred to the bill for want of equity. This demurrer was sustained by the court and the bill dismissed. The complainant appealed to this court.

*J. M. Woolworth,* for the appellant, cited 3 *Session Laws, Chap. XXIX., Sec.* 5, *page* 96, as follows:

"The liens above authorized continue in force for ten years only from the date of the judgment. Provided,

ADAMS *v.* BOULWARE.

abstracts of judgments, mechanic liens, and all securities provided for in this statute shall be recorded as provided for in section thirty-five of chapter."

2 *Session Laws, Chap. XXXI.*, sec. 35, *page* 86, as follows :

" The register, when presented with an abstract of

" 1. Any judgment ;

" 2. A mechanic's lien ;

" 3. The service of an attachment ;

" 4. The levy of an execution, any of which establishes a lien upon real estate ; or with ·

" 5. A notice of *lis pendens* in chancery, shall enter in a proper book, to be kept for that purpose, the substantial part of such abstract, so as to show the manner of the parties to such liens and notices, the amount of the judgment or indebtedness, by what court the judgment was rendered, or the attachment or execution was issued, and in what court the suit in chancery is pending, together with a general description of the estate to be affected by the lien or notice."

*W. H. Taylor*, for the appellee, cited 3 *Session Laws, Chap. XXXI.*, *sec.* 29, *page* 101, as follows :

· " Property attached otherwise than by garnishment, is bound thereby from the service of the attachment only."

The court, by MILLER, J., held that unless an abstract of an attachment is entered in the register's office, a *bona fide* purchaser for value of lands which have been taken under it, will hold them free of the lien.

` Decree reversed.